NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>    v.<br><br>MATTHEW HULL, MICHELE C. HULL, AND AARON HULL,<br><br>      Defendants. | Civil Action No. 09-1303 (SDW)<br><br><br>**OPINION**<br><br><br>September 27, 2012 |

**WIGENTON**, District Judge.

Before the Court is a motion to amend or alter judgment or, in the alternative, for clarification ("Motion") filed by defendants, Matthew Hull, Michele C. Hull, and Aaron Hull (collectively "Defendants") in this matter versus the United States ("Government" or Plaintiff"). (Dkt. No. 75).

This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1345. Venue in this district is found under 28 U.S.C. §§ 1391(b) and (c). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Fed. R. Civ. P. 78.

As stated below, this Court provides clarification as requested in Defendants' Motion. (Dkt. No. 75.) Further, as such, this Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

This matter concerns rights and interests associated with the relevant portion of Old Mine Road that crosses Defendants' property. The facts and procedural history of this matter are set

out more thoroughly in this Court's opinion dated January 24, 2012. As such, the Court will not provide a full review herein. On May 27, 2011, the Government filed a motion for summary judgment, in sum requesting an order 1) for Defendants to immediately remove the blockade of Old Mine Road, 2) to enjoin Defendants from limiting or obstructing the public's access to Old Mine Road, and further, 3) that the public's right to use and enjoy Old Mine Road be restored. On June 17, 2011, Defendants' cross motion for summary judgment was filed. On January 24, 2012, this Court granted the Governments' motion for summary judgment and denied Defendants' cross motion.

On March 23, 2009, the Government filed the initial Complaint in this matter, and on January 6, 2010, the Government filed an amended complaint ("Amended Complaint") for a "permanent injunction, Ordering the Defendants to remove any blockade or obstruction that prevents National Park Service employees or the public access to any portion of Old Mine Road[,]" ejecting Defendants from possessing any portion of the road, and requesting damages, plus the cost of the suit. (Am. Compl. ¶¶ 33-36.) There are two counts in the Amended Complaint: Count I is under federal common law and Count II is under state law (N.J.S.A. 2A:35-1 et seq.). (*Id.* ¶¶ 2, 33-36.)

On February 21, 2012, Defendants filed the instant Motion before this Court seeking that this Court amend or alter the January 24, 2012 judgment on the grounds that "Plaintiff never proved a necessary element of its case, *i.e.*, that it has a property interest in the Road[,]" or in the alternative that this Court rule on the type of property interest Plaintiff may possess. (Defs.' Br. 1.) Defendants also seek clarification on whether "Plaintiff has forfeited and/or waived any ability it may have had to seek damages." (*Id.*)

**LEGAL STANDARD**

Under Fed. R. Civ. P. 59(e), a litigant may move to alter or amend a judgment within 28 days of its entry.  Similarly, L. Civ. R. 7.1(g) allows a party to seek a motion for reargument or reconsideration of "matter[s] or controlling decisions which counsel believes the Judge or Magistrate Judge has overlooked."  The Third Circuit has held that the "purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence."  *Max's Seafood Cafe ex rel. Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)) (internal quotes omitted).  Reconsideration motions, however, may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised before the entry of judgment. 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 2012).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  *Gutierrez v. Ashcroft*, 289 F.Supp. 2d 555, 561 (D.N.J. 2003) (quoting *G-69 v. Degnan*, 748 F.Supp. 274, 275 (D.N.J. 1990)).  Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises.  *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

**DISCUSSION**

In response to the Motion filed by Defendants, this Court writes to provide clarification as requested. First, this matter was not directed to be closed, and appears to have been closed due to an administrative error. The matter will be restored.

Second, contrary to Defendants' assertions, Defendants have not met any of the requirements for reconsideration to alter or amend judgment regarding the Government's possession of a property interest. The issues of law regarding Ordinance 6-88 have been addressed in this Court's opinion dated January 24, 2012.[1] "A proper motion to alter or amend judgment must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice." *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)(internal citation and quotation marks omitted). In the instant matter, these elements have not been met. Mere disagreement with the Court is not sufficient. *See Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003). The interest Sandyston Township possessed was conveyed to Plaintiff. (*See* Opinion dated January 24, 2012).

Notably, however, the record and previous briefings for summary judgment insufficiently addressed the issues of the nature of the property rights and damages. These issues will be presented to a trier of fact. The parties will have an opportunity to present evidence regarding the nature of the property rights, as well as damages, at trial.

Finally, this matter will be scheduled for trial and the final pretrial conference will take place in the near future.

---

[1] Defendants focus on one phrase in an 18-page opinion is misguided. (*See* Defs.' Br. 13-14.) This Court had applied the appropriate standard for summary judgment, not an analysis based in equity. (*See* Fed. R. Civ. P. 56.)

**CONCLUSION**

As set forth above, this matter will be scheduled for trial, at which time the type of property interest in the relevant portion of Old Mill Road, as well as the possibility and scope of damages in this matter, will be addressed.

Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.

s/ Susan D. Wigenton, U.S.D.J.

Orig:       Clerk
cc:         Parties
            Magistrate Judge Arleo