# Report of Findings and Opinion of Title

November 27, 2017

Prepared For:
Spencer Robbins, Esq.
Robbins & Robbins, LLC
568 Amboy Avenue
Woodbridge, NJ 07095

Prepared by:
Joseph A. Grabas, CTP, NTP
c/o Grabas Institute
1340A Campus Parkway
Wall, NJ 07753

**Re: Old Mine Road – Sandyston Twp., Sussex County, NJ – Lots 3, 3.01, 3.02 in Block 2402 & Lot 9 in Block 2403**

This report and opinion is provided in accordance with a request to investigate and determine the current ownership of that portion of Old Mine Road that crosses through Lot 3 in Block 2402 and Lot 9 in 2403 as depicted in the current Tax Map of the Township of Sandyston, Sussex County, NJ.

To that end I submit the following. I was retained in this matter due to my long tenure in the title industry, 40 years; my recognition in New Jersey as a Certified Title Professional and as a National Title Professional by the American Land Title Association; my status as a Land Title Educator and Continuing Education Instructor is recognized by the NJ Department of Banking and Insurance, The NJ Real Estate Commission and the NJ Supreme Court Board on Continuing Education. I have been accepted as an expert in land title matters by the Superior Court of New Jersey in various matters. During my career I have researched, examined and/or insured over 100,000 land titles, reviewing and interpreting millions of land title documents. I have been an Agent for five different Title Insurance Underwriters and am generally recognized as one of the foremost land title educators in New Jersey. My intention is always to provide an impartial review and opinion of the facts and circumstances related to the matter at issue.

1 | P a g e

I have reviewed a wide variety of materials and documents provided by your office and your client and I have also conducted preliminary research in the Land Records at the Sussex County Clerk's Office. My report and opinion follows.

## County Land Record Research

[1] I was able to trace the chain of title for the subject premises back to 1796 when George Smith first acquired the property. **[Exhibit A]** This is critical since it appears that it was George Smith who first petitioned for the opening of the Old Mine Road across his property in 1800.

[2] The Road Return was recorded in the Sussex County Clerk's Office on August 31, 1800 in Road Book A page 267. **[Exhibit B]** A Road Return is the document "returned" by the appointed Road Commissioners after they had surveyed and laid out the location of the road. Usually there is also a petition which is made by adjoining and concerned citizens, which asks for the opening of a new road for public use.

[3] Although no such petition was found in the Road Books, it appears that George Smith was one of the primary petitioners. The Commissioners met at his home when first conducting the road survey and he was burdened with the <u>entire expense</u> of opening (building) the road.

[4] This signifies a dedication of the road for public use but does not constitute a conveyance of the fee title to the road bed. The deeds in the chain of title describe the property on both sides of the road in one all-encompassing metes and bounds description, without making any allowances for the road; as an exception or otherwise. In fact, not one of the deeds in the chain even mentions Old Mine Road, which would be the usual practice if the road bed had been conveyed in fee. There is not even a mention of the public right to use the road.

## Road Rights Generally

[5] It is a well-founded principle that when a road is dedicated for public use by a property owner, "the municipality does not acquire a fee simple absolute in the bed of the street."[1] Instead the municipality acquires an easement for the benefit of the public, often referred to as a "naked fee." The fee simple title remains in the dedicating owner and transfers along with the lands adjoining the road.[2]

---

[1] Fineberg, Lawrence J – New Jersey Title Practice (4th Ed.) 2016 - §21.04
[2] Wolff v. Veterans of Foreign Wars, 5 N.J. 143 (1950); Salter v. Jonas, 39 N.J.L. 469 (E. &A. 1877).

2 | P a g e

[6]  I found no evidence of a condemnation proceeding against George Smith or a specific grant given by Smith to the Township of Sandyston. In fact, George Smith was required to pay for the entire cost of building and opening the road for public use and received <u>no compensation</u>. Thus the fee simple title to the bed of Old Mine Road where is crosses the property remained in George Smith and passed along with the subsequent title conveyances.

[7]  On September 1, 1988 the Sandyston Township Committee passed Resolution No. 6-88, voting to "Vacate and Extinguish" the public rights in and to Old Mine Road as "there appears to be no public need for a public road" and would "cause a financial burden on the Township without any beneficial return to the public." **[Exhibit C]**

[8]  This action terminated and abandoned any rights which the Township may have possessed in and to Old Mine Road. At that point the adjoining owner on both sides of Old Mine Road, Mr. Enos E. Harker, could "exercise dominion and control over so much of the street bed as is owned by" him.[3]

[9]  There is no doubt that George Smith owned fee simple title to all of the land lying within the bed of Old Mine Road where it crossed his property, prior to the Road Return of 1800. George Smith petitioned the road to be opened. George Smith paid for the entire cost of the road. George Smith did not receive compensation from the municipality, nor did he give a specific grant for said road to the Township. Finally, every one of the subsequent deeds in the chain of title made <u>no mention, exception to, or acknowledgment of, the Old Mine Road</u> crossing the subject premises in any way.

[10]  A map of the property prepared by Eugene A. McMurray, CE, dated April 30, 1929, **[Exhibit D]** similarly fails to reveal any exception for the Old Mine Road. A surveyor would have been obligated to show all roads affecting the premises including Kuhn Road


**2010 Old Mine Road Report**

[11]  It has been brought to my attention that the U.S. Attorney had commissioned a report entitled "Report on an Investigation into the Location of a Section of the Right-of-Way of the "OLD MINE ROAD" Sandyston Township, Sussex County, New Jersey prepared by Wayne T. McCabe and Gary Worley dated March 16, 2010 regarding the "location of a section" of the Old Mine Road. After reviewing this report it is my opinion that it has little bearing on the issue at

---

[3] Fineberg, Lawrence J – New Jersey Title Practice (4th Ed.) 2016 - §21.04

hand. Neither McCabe nor Worley are Title or Legal experts and therefore are unable to authoritatively opine on the nature of or title to Old Mine Road.

[12] The admitted purpose of the report is to determine "the <u>location</u> of a section of the rights-of-way of the Old Mine Road." The report also purports to discuss "the <u>historical significance</u> of" the Old Mine Road. Neither of which has any bearing on the fee simple ownership of the road. It would seem that this report is about 22 years too late. The Township abandoned this road in 1988 through vacation.

[13] Furthermore, it appears that McCabe & Worley did not conduct a full and complete examination (title search) of the land records in the Sussex County Clerk's Office. McCabe erroneously refers to the Road Returns as "Road Deeds," they are nothing of the sort. By using the term "deed" he improperly implies that the Road Returns represent a fee conveyance. They are more properly a dedication of land for public use, thereby creating an easement, which the Township had long since vacated (1988).

[14] Said Ordinance did not speak to any intention to subsequently convey the road bed to the USA. The vacation ONLY concluded to abandon the public's interest in the Old Mine Road, the only action that was legally at the disposal of the Township of Sandyston.

[15] The 2010 Old Mine Road Report does not support ownership of the road by the Township of Sandyston or the United States of America.

### Deed from Sandyston to the USA

[16] On June 17, 2008 a deed was recorded in Deed Book 3204 page 846, **[Exhibit E]** between the Township of Sandyston and the United States of America containing three tracts purporting to be the portions of Old Mine Road previously vacated in 1988. This deed is deficient in several ways.

[17] First, it is a Quit Claim Deed and therefore can only convey whatever interest, if any, that Sandyston had in Old Mine Road. As previously established, the Township vacated its rights to the Old Mine Road in 1988 under Resolution No. 6-88. **[Exhibit C]** Sandyston did not possess any rights in 1989 to convey when the deed was executed.

[18] It is a well-founded principle that the vacation of a road reaffirms the fee title in the adjoining land owners and removes the rights of the public. "The title to the soil and freehold,

over which a highway is laid, is presumed to be in the owners of the adjoining land, until contrary is shown." *Glasby v. Morris, 18 N.J. Eq. 72 (1866)*

[19] Second, the deed was held off record for 19 years. It is highly unusual to hold a deed off record for such a long time. The US Solicitor's report of 9/7/1989, which was issued after the Quit Claim deed was executed, reveals that the Solicitor correctly believed that "it appears that Sandyston may have no interest to convey." **[Exhibit F]**

[20] The NPS reaffirms this position in subsequent correspondence dated September 14, 1990 ("we cannot proceed with the acceptance of the donation of these roads") and October 16, 1990 (Calling for Quit Claim deeds from adjoining owners and "an ordinance authorizing the donation") **[Exhibit G]** The NPS and the Solicitor correctly understood that the Township had no title to give.

[21] A deed of conveyance must not only be offered by the Grantor, but also accepted by the Grantee. It is clear that the United States rejected the Quit Claim Deed.

[22] Having insured the majority of the acquisitions for the Great Swamp, Wallkill River and Cape May National Wildlife Refuges by the United States of America, I am quite familiar with the Solicitors reports, examinations and requirements. It is the United States' policy NOT to accept Quit Claim deeds. In fact, correspondence from the National Park Service, dated March 8, 1989 to Erma Gormley, Mayor and March 4, 1996 to Mr. Charles C. Lennington, shows that a <u>General Warranty Deed</u> is required. **[Exhibits H & I]**

[23] Two subsequent General Warranty Deeds (DB 2152-1 & 2384-27) in 1996 and 1997 were accepted and recorded by the United States of America in a timely manner, for portions of Old Mine Road adjacent to the Hull property. **[Exhibit J]** These deeds support the assertion that the fee title to the bed of Old Mine Road was vested in the adjoining owners (Dodd & Lennington) and not in the Township of Sandyston.

[24] Under correspondence dated September 15, 1993 from the USDI/NPS to Mr. Enos Parker, the owner of the Hull property, Superintendent Roger K. Rector admitted that "the donation was never accomplished" and that Mr. Harker as the "adjoining property owners now own portions of the road." **[Exhibit K]** In fact, Mr. Harker had always owned the road, subject to the public easement which was vacated in 1988.

[25] Superintendent Rector again recognizes the ownership interest vested in Mr. Harker when he suggests a "transfer of title to the portion of the road you now own." The United States could

not have acquired any interest from the Township of Sandyston as they recognized Harker as the true fee title holder.

[26] I further question the execution of the Quit Claim deed. It is signed by George B. Harper, Jr. and witnessed by Judith Pastor. Neither of these individuals is identified in the deed by their public position as required. The acknowledgement taken by Carol J. Ayers, Notary, is not the proper form of acknowledgement for a deed from a municipality. This is an individual acknowledgement and not acceptable for this transaction.

[27] Furthermore, upon information and belief, a Township Resolution was never adopted authorizing the execution of this document by George B. Harper.

**Opinion**

[28] It is my opinion that the fee simple title to the bed of Old Mine Road where it crosses the property of Hull (Lots 3, 3.01, 3.02 in Block 2402 & Lot 9 in Block 2403) is now and has always been vested in the owners of the adjoining lands (currently Hull)

[29] The Township of Sandyston vacated and abandoned the public interest in the Old Mine Road in 1988.

[30] The Quit Claim Deed from the Township of Sandyston to the United States does not convey any title at all, and they no longer possess any interest in the road to convey. This deed is improperly executed and acknowledged without prior Township authorization or resolution. I believe that the deed is a nullity.

[31] Therefore, the United States of America is not now nor has ever been the fee title holder to the bed of Old Mine Road where it crosses the Hull property.

Certification

I issue this Report as a qualified expert in matters regarding real estate titles and the experience gained from four decades in the land title research and insurance industry. This represents my entire Report and Opinion in this matter. The opinions in this report are expressed within a reasonable degree of certainty. I reserve the right to amend and or modify this Report in the event that additional information, research, documentation or resources are presented for review.

I have relied upon information and documentation provided from your office and the land records contained in the Sussex County Clerk's Office. This Report is limited to the records and representations set forth herein and should not be construed to include material and information beyond that. I have attached a copy of my complete Curriculum Vitae for your reference.

I Remain,

Joseph A. Grabas, CTP, NTP