NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

November 30, 2017

Jordan M. Anger, Esq.
Michael E. Campion, Esq.
Assistant United States Attorneys
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for Plaintiff*

Spencer B. Robbins, Esq.
Law Offices of Robbins and Robbins LLP
568 Amboy Avenue
Woodbridge, NJ 07095
*Counsel for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:    United States v. Hull, et al.
        Civil Action No. 09-1303 (SDW) (LDW)**

Counsel:

Before this Court is Plaintiff United States of America's ("Plaintiff") Motion to Enforce Judgment pursuant to Federal Rule of Civil Procedure 70, and Defendants Matthew Hull, Michelle Hull, and Aaron Hull's (collectively, "Defendants") Motion to Vacate Judgment Pursuant to Federal Rule of Civil Procedure 60. This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, **GRANTS** Plaintiff's Motion to Enforce and **DENIES** Defendants' Motion to Vacate.

## BACKGROUND & PROCEDURAL HISTORY

This Court assumes the parties' familiarity with the extensive procedural history of this matter and, therefore, sets forth only the facts necessary and relevant to its decision. The instant motions arise out of civil litigation first initiated in 2009 to determine the ownership of a portion of a roadway ("Old Mine Road") located in the Delaware Water Gap National Recreation Area.

(Dkt. Nos. 1, 70.) Four years into the litigation, on January 4, 2013, then-Magistrate Judge Madeline C. Arleo held a settlement conference with the parties during which, among other things, "the parties agree[d] that the government will own in fee simple the 24 feet of property at issue and that the Hulls will have an easement over that property." (Dkt. No. 89 at 4.) Judge Arleo asked Defendants on the record if they had "an opportunity to listen to the terms I recited, and are those the terms that you have agreed to to settle these claims?" (*Id.* at 5.) Defendants each answered "Yes." (*Id.*) Defendants also acknowledged that they had had sufficient time to consider the settlement and that they were satisfied with the representation of their attorneys. (*Id.* at 5-7.)

The settlement agreement also required Plaintiff to have a survey of the property prepared which Defendants would review, and which would then be attached to the final settlement agreement filed with the Court. (*Id*. at 3.) Plaintiff provided defense counsel with the survey on or before January 30, 2014. (Dkt. No. 97-2.) Defendants have never provided Plaintiff with permission to file the survey with this Court, nor have they signed the settlement decree, despite numerous attempts by Plaintiff to finalize the settlement. (*Id*.)

On August 11, 2017, Plaintiff filed its motion to enforce. On November 28, 2017, Defendants filed their motion to vacate.

## **DISCUSSION**

A. Standard of Review

Rule 70 gives this Court the authority to order a party who refuses to comply with a final judgment to perform specific acts necessary to effectuate the judgment. The Rule provides, in relevant part, "[i]f a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done – at the disobedient party's expense – by another person appointed by the court." FED. R. CIV. P. 70(a). A settlement agreement constitutes such an enforceable judgment for purposes of Rule 70. *See, e.g.*, *Utica College v. Gordon*, 2009 WL 3418136, No. 6:08-CV-88-DNH-GJD, at *2-3 (N.D.N.Y. Oct. 16, 2009); *Dick v. Sprint Commc'ns Co. L.P.*, 297 F.R.D. 283, 291-92 (W.D. Ky. 2014).

Rule 60 provides a mechanism to provide relief from judgments that create an unjust result. *See, e.g.*, *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). Rule 60(b) provides the bases upon which a court may "relieve a party . . . from a final judgment, order or proceeding," and include mistake, excusable neglect, newly discovered evidence, fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). Motions made pursuant to Rule 60 "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

B. The Parties Entered Into a Binding Settlement Agreement and Defendants Must Comply With Its Terms

On January 3, 2013, after four years of active litigation, during which time Defendants were represented by counsel, the parties entered into a binding settlement agreement during a

2

settlement conference with Magistrate Judge Arleo. *Becton, Dickinson & Co. v. Piscataqua Trans., Inc.*, 2009 WL 3068216, Civ. No. 06-6287, at *1-2 (D.N.J. Sept. 23, 2009) (noting that an "oral agreement as to the essential terms of a settlement is valid even though the parties later intend to reduce their agreement to a formal writing"). The terms of the settlement were put on the record and, during their colloquy with Judge Arleo, Defendants made it clear they both understood and accepted those terms. Now, after a four-year delay, Defendants still have not satisfied their obligations under the settlement and actively seek to overturn it. This Court finds there is nothing unjust or unreasonable about the settlement the parties agreed to, and therefore, no need for relief from its terms pursuant to Rule 60. Further, this Court finds that, by waiting four years to seek to vacate the judgment, Defendants have failed to make their Rule 60 motion "within a reasonable time." Defendants' Motion to Vacate will be denied.

Because the parties entered into an enforceable agreement requiring Defendants to review the land survey and sign the settlement agreement and Defendants have failed to do so, this Court will grant Plaintiff's Motion to Enforce pursuant to Rule 70. Plaintiff will be permitted to electronically file the survey it provided to Defendants on or about January 30, 2014 (and which is currently attached as Exhibit B to Docket Entry No. 97). Defendants are also ordered to execute the settlement agreement within thirty (30) days of this Opinion.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Enforce is **GRANTED**. Defendants' Motion to Vacate is **DENIED**. An appropriate order follows.

                                                  ___/s/ Susan D. Wigenton_____
                                                  **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Leda D. Wettre, U.S.M.J.