CRAIG CARPENITO
United States Attorney
MICHAEL E. CAMPION
JORDAN M. ANGER
Assistant United States Attorneys
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. (973) 645-3141
email: michael.campion@usdoj.gov

*UNITED STATES DISTRICT COURT*
*DISTRICT OF NEW JERSEY*

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff,*<br><br>v.<br><br>MATTHEW HULL, MICHELE C. HULL, AND AARON HULL.<br><br>*Defendants.* | HON. SUSAN D. WIGENTON<br><br><br>*Civil Action No.* 2:09-cv-1303 |

UNITED STATES' BRIEF IN SUPPORT OF ISSUANCE
OF AN ORDER TO SHOW CAUSE

CRAIG CARPENITO
United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102

*On the Brief:*
MICHAEL E. CAMPION
JORDAN M. ANGER
Assistant United States Attorneys

TABLE OF CONTENTS

**PRELIMINARY STATEMENT**.................................................................................. 1

**FACTUAL AND PROCEDURAL BACKGROUND** .................................................. 1

**ARGUMENT**............................................................................................................... 5

**CONCLUSION** ........................................................................................................... 7

# TABLE OF AUTHORITIES

Cases

*Breen v. Tucker,*
   821 F. Supp 2d 375 (D.D.C. 2011) ........................................................................ 5

*FTC v. Lane Labs-USA, Inc.,*
   624 F.3d 575 (3d Cir. 2010) ................................................................................. 5

*Gompers v. Buck's Stove & Range Co.,*
   221 U.S. 418 (1911) ............................................................................................ 7

*Gregory v. Depte,*
   896 F.2d 31 (3d Cir. 1990) ................................................................................... 7

*Harris v. City of Philadelphia,*
   47 F.3d 1311 (3d Cir. 1995) ............................................................................. 5, 6

*L.J. v. Audubon Bd. Of Educ.,*
   2008 U.S. Dist. LEXIS 12339 (D.N.J Feb. 19, 2008)......................................... 6

*Latrobe Steel Co. v. United Steelworkers of America,*
   545 F.2d 1336 (3d Cir. 1976) .............................................................................. 6

*LM Ins. Corp. v. Jamali Developers, LLC,*
   2018 U.S. Dist. LEXIS 3878 (D.D.J. Jan. 4, 2018)............................................ 5

*McComb v. Jacksonville Paper Co.,*
   336 U.S. 187 (1949) ……………………………………………………………………6


*Merrill Lynch Bus Fin. Servs. V. Kupperman,*
   2007 U.S. Dist. LEXIS 7880 (D.N.J Oct. 23, 2007) ………………………………………6


*Newton v. A.C. & S., Inc.,*
   918 F.2d 1121 (3d Cir. 1990)....................................................................................... 5


*Shillitani v. United States,*
   384 U.S. 364 (1966) ..................................................................................................... 5


*United States v. United Mine Workers,*
   330 U.S. 258 (1947) ..................................................................................................... 5

Rules

Federal Rule of Civil Procedure 70 ......................................................................... 4, 5

## PRELIMINARY STATEMENT

This matter comes before the Court on the United States' motion for the issuance of an Order to Show Cause why Defendants Matthew Hull, Michele C. Hull, and Aaron Hull (collectively, "Defendants" or the "Hulls") should not be held in civil contempt for failure to comply with this Court's Order Enforcing the Judgment dated November 30, 2017 ("Order").  Defendants have failed to comply with the Order mandating the administrative execution of the settlement agreement in this matter – a settlement that had been previously agreed to on the record before the Court.

On November 30, 2017, the Court ordered Defendants to execute the settlement papers within thirty days.  Defendants, however, have failed to comply with the Court's Order within the timeframe prescribed by the Court.  The United States therefore requests that the Court issue an Order requiring Defendants to show cause why they should not be held in civil contempt.

## FACTUAL AND PROCEDURAL BACKGROUND

The instant motion relates to a years-long dispute over the ownership of Old Mine Road, a roadway that runs through the Delaware Water-Gap National Recreation Area and crosses a portion of property owned by Defendants.  *See* Dkt. #70 at 2.  Shortly after the Hulls purchased their property, Defendants blocked the road to prevent the public, as well as the National Park Service, from accessing the portion of the road that crosses Defendants' property. *Id.* at 4.  Accordingly, in 2009,

1

the United States brought this action to, among other things, determine the
ownership of the disputed section of Old Mine Road.  Dkt. #1.

In 2011, the parties filed cross-motions for summary judgment, and on
January 24, 2012, this Court issued an opinion and order granting the United
States' motion and denying the Hulls' motion.  Dkts. #73, 74.  The Court held that
all property interests Sandyston[1] possessed were validly conferred to the United
States.  Dkt. #70 at 16.  Additionally, the Court issued a permanent injunction
ordering Defendants to remove any obstructions preventing National Park Service
employees or the public access to any portion of Old Mine Road.  *Id.* at 17.

Shortly thereafter, Defendants filed a motion to alter the judgment.  Dkt.
#75.  The United States opposed the motion and sought some clarification of the
Court's opinion.  Dkt. #77.  The Court ultimately granted in part and denied in part
the motion to alter judgment. Dkts. #78, 79.  Notably, the Court denied Defendants'
motion for reconsideration of its finding that the United States owned the relevant
property interest in Old Mine Road.  Dkt. #78 at 4.  The Court, however, clarified
that both the "nature of the property rights" and United States' damages would be
considered by a trier of fact at trial.  *Id.*

Before trial, the parties met at a settlement conference on January 4, 2013,
at which time the parties reached an agreement to settle all remaining disputes.
*See* Dkt. #89 (transcript of the settlement proceeding before Judge Arleo

---

[1] Sandyston is the township in which the Defendants' property and relevant portion of Old Mine
Road is located.  Additionally, Sandyston was the prior owner of that portion of Old Mine Road.
Dkt. #70 at 2.

2

("Transcript")).  Specifically, the parties agreed that "the government will own in fee

simple the 24 feet of property at issue and that the Hulls will have an easement

over that property."  Trnscpt. at 4.  The parties further agreed that the United

States would waive any claim for damages for Defendants' previous obstruction of

Old Mine Road, the Defendants would waive any appeal of the Court's opinion and

order on summary judgment, and each side would "bear its own attorney's fees and

costs." *Id.*  Finally, given the Hulls' agreement that the United States owns the

relevant portion of Old Mine Road in fee simple, the United States agreed to vacate

the permanent injunction issued by the Court in its summary judgment opinion and

order. *Id.*

Each of the Defendants acknowledged on the record that he or she had

agreed to the terms of the settlement. *Id.* at 5.  Neither the Defendants nor their

counsel objected to any aspect of those proceedings. *See id.* generally.  The parties

further agreed, given the location of a well on the property, that they would move

the center line of Old Mine Road to "accommodate the encroachment of the well."

*Id.* at 4.  The parties also agreed that the United States – at its expense – would

have a survey prepared of the previously-disputed portion of Old Mine Road.  Under

the agreement, the parties were required to attach the survey to a written

settlement agreement,[2] which the parties were to file with the Court. *Id.*

Pursuant to the terms of the settlement, the United States provided a

---

[2] The written settlement agreement simply memorializes the settlement terms that were agreed to
on the record before the Court.

completed survey to Defendants' counsel on or before January 30, 2014.  Dkt. #97-2.

However, despite repeated requests from this Office, Defendants had not provided

permission for the United States to file the survey with the Court.  *Id.*

Furthermore, Defendants recently took action in violation of the settlement

agreement and the Court's order on summary judgment by placing "Private

Property No Trespassing" signs and large rocks on the relevant portions of the

roadway.  Dkt. #97-3.  Additionally, Defendant Matthew Hull approached a Park

Ranger on or about June 13, 2017, and stated that he owned the portion of Old Mine

Road and that the Ranger was trespassing.  *Id.*

Following Defendants' violation of this Court's order, the United States filed

a motion, pursuant to Federal Rule of Civil Procedure 70, to enforce the settlement

agreement and require the Hulls to sign the settlement decree that attaches the

survey of Old Mine Road.  *See* Dkt. #117 at 1 ("Opinion").  Defendants filed a cross-

motion to vacate the judgment.  *Id.*  The Court granted the United States' motion to

enforce the judgment in its opinion and order dated November 30, 2017, concluding

that "the parties entered into an enforceable agreement requiring Defendants to

review the land survey and sign the settlement agreement and Defendants have

failed to do so . . ."  *See* Opin. at 3; Dkt. #118.  The Court denied Defendants motion

to vacate the judgment and ordered Defendants to execute the settlement

agreement within thirty days of the opinion and order.  *Id.*  Despite the Court's

order, Defendants have failed to do so after more than thirty days.  *See* Campion

Decl. ¶ 2.

## ARGUMENT

The Court has "inherent power to enforce compliance with [its] lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966) (citing *United States v. United Mine Workers*, 330 U.S. 258, 330-32 (1947)). Additionally, pursuant to Federal Rule of Civil Procedure 70, a court may hold in contempt a party that fails to comply with a court order mandating a "specific act" within the time specified by the court. *See* Fed. R. Civ. P. 70(a-b)(e); *see also LM Ins. Corp. v. Jamali Developers, LLC*, 2018 U.S. Dist. LEXIS 3878 at *3-4 (D.N.J. Jan. 4, 2018) (citing *Breen v. Tucker*, 821 F. Supp. 2d 375, 383 (D.D.C. 2011). "A finding of civil contempt must be supported by clear and convincing evidence." *Harris v. City of Philadelphia*, 47 F.3d 1311, 1321 (3d Cir. 1995). Due process requires that a party against whom a finding of contempt is sought "be given notice and a hearing regardless of whether the contempt is civil or criminal in nature." *Newton v. A.C. & S., Inc.,* 918 F.2d 1121, 1127 (3d Cir. 1990).

To prove civil contempt, a court must find "that (1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." *Harris*, 47 F.3d at 1326. During the contempt hearing, "the validity of the underlying order is not open to consideration." *Id.* A court should not make a finding of contempt if "there is ground to doubt the wrongfulness of the defendant's conduct." Id. (internal quotation marks omitted). However, "an alleged contemnor's behavior need not be willful in order to contravene the applicable decree." *FTC v. Lane Labs-USA, Inc.,* 624 F.3d 575, 582 (3d Cir. 2010). "Civil

5

Contempt is committed when a person violates an order of court which requires that person in specific and definite language to do or refrain from doing an act or series of acts." *Merrill Lynch Bus. Fin. Servs. v. Kupperman*, 2007 U.S. Dist. LEXIS 78880 (D.N.J. Oct. 23, 2007) at *6-7 (citing *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191 (1949)).

Here, each prong is met. Regarding the first prong, the Court's Order, which it issued on November 30, 2017, is inarguably a valid court order. *See Harris*, 47 F.3d at 1326 ("[T]he validity of the underlying order is not open to consideration."); *see also L.J. v. Audubon Bd. Of Educ.,* 2008 U.S. Dist. LEXIS 12339 at *10 (D.N.J. Feb. 19, 2008) ("The November Order inarguably constituted a valid court order."). Regarding the second prong, the Defendants had knowledge of the Order through their counsel, who received the order on November 30, 2017.[3] *See* Campion Decl. ¶ 3; Ex. B. Finally, Defendants disobeyed the order requiring execution of the Settlement Agreement within thirty days of November 30, 2017.

In defiance of the Court's Order, Defendants have not signed the settlement papers that are necessary to complete the administrative steps to finalize the filing of the land survey. *See id.* Ex. A. Accordingly, the Court should issue an Order requiring Defendants to show cause why they should not be held in civil contempt.

If the Court finds Defendants in civil contempt, it may impose coercive and compensatory sanctions to compel compliance with the order. *Latrobe Steel Co. v.*

---

[3] In fact, after Defendants received the Order, counsel for the United States made several attempts to contact Defendants' counsel through email and telephone message. None of those messages, however, were returned.

*United Steelworkers of America*, 545 F.2d 1336, 1344 (3d Cir. 1976). "Civil contempt is remedial in nature, and serves the purpose of the parties to the action and is intended to coerce compliance with an Order of the Court or to compensate for losses or damages sustained by reason of noncompliance." *Merrill Lynch Bus. Fin. Servs.*, 2007 U.S. Dist. LEXIS 78880 at *5-6 (citing *Samuels Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441 (1911)); *see also Gregory v. Depte*, 896 F.2d 31, 37 (3d Cir. 1990) (Becker, J., concurring).

## CONCLUSION

For the foregoing reasons, the Court should issue an Order requiring Defendants to show cause why they should not be held in civil contempt. If they fail to make such a showing, Defendants should be found in civil contempt, and the Court should order appropriate coercive action until the contempt is purged through compliance with the Court's November 30, 2017 Order.

CRAIG CARPENITO
United States Attorney

By:   *s/Michael E. Campion*
MICHAEL E. CAMPION
Assistant United States Attorney

7