UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>MATTHEW HULL, MICHELE C. HULL, AND AARON HULL,<br><br>*Defendants.* | HON. SUSAN D. WIGENTON<br><br>*Civil Action No.* 09-cv-01303<br><br>ORDER |

Whereas Plaintiff United States of America ("United States" or "Plaintiff") brought this action on March 23, 2009, seeking a permanent injunction requiring Defendants Matthew Hull, Michele C. Hull, and Aaron Hull (collectively, "Defendants") to remove their obstruction and blockade of Old Mine Road, as well as an order ejecting Defendants from possessing any portion of Old Mine Road and for damages;

Whereas, on January 24, 2012, in ruling on the Parties' cross-motions for partial summary judgment, this Court found that the United States possessed the relevant property interest in the previously-disputed portion of Old Mine Road and granted the United States' request for a permanent injunction;

Whereas, on September 27, 2012, this Court ordered that the matter proceed to trial to determine the amount of damages owed by Defendants to the United States and to determine whether the United States owns the relevant portion of Old Mine Road in fee simple or some other type of possessory interest;

Whereas, the parties resolved all remaining outstanding disputes as set forth at a Hearing before Magistrate Judge Madeline Cox Arleo on January 4, 2013;

Whereas, on January 4, 2013, each Defendant agreed on-the-record before the Court that the United States owns in fee simple the previously-disputed portion of Old Mine Road;

Whereas, on January 4, 2013, the Parties agreed upon the boundaries of the previously-disputed portion of Old Mine Road, and the United States agreed to retain a surveyor to draft a survey of the agreed-upon boundaries of the previously-disputed portion of Old Mine Road;

Whereas the terms of the Parties' settlement are set forth in the transcript of the January 4, 2013 Hearing ("Settlement Agreement"), which is attached to this Order at Attachment A;

Whereas the surveyor retained by the United States, Gary Worley, N.J.P.L.S., prepared a survey of the agreed-upon boundaries of the previously-disputed portion of Old Mine Road, and that survey, dated January 14 2014, is attached at Attachment B ("Old Mine Road Survey");

Whereas, on or before January 30, 2014, the United States provided to Defendants' counsel the Old Mine Road Survey. (Dkt. No. 97-2);

Whereas, in an Opinion and Order dated November 30, 2017, the Court held that the Settlement Agreement is an enforceable settlement agreement;

Whereas in an Opinion and Order dated November 30, 2017, the Court required *inter alia* Defendants within 30 days to review the land survey and sign a written settlement decree, which would then be filed in the Sussex County Clerk;

Whereas Defendants have failed to comply with November 30, 2017 Order;

Whereas the Court has reviewed the Old Mine Road Survey at Attachment B and finds it consistent with the terms of the Settlement Agreement;

IT is on this ____ day of _____, 2018,

ORDERED that the United States owns in fee simple the previously-disputed portion of Old Mine Road; and it is further

3

ORDERED that the Old Mine Road Survey attached at Attachment B sets forth the agreed-upon boundaries of the previously-disputed portion of Old Mine Road, and it is further

ORDERED this Order, and its two attachments – that is, the Settlement Agreement at Attachment A and the Old Mine Road Survey at Attachment B – shall be filed by the United States in the Sussex County Clerk's Office; and it is further

ORDRED that the Court retains jurisdiction over this civil action, including the Settlement Agreement; and

It is further ORDERED that this matter is hereby closed.

_____
SUSAN D. WIGENTON
United States District Court Judge

# ATTACHMENT A

```
 1                   UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
 2
     UNITED STATES OF AMERICA,       .
 3                                   .
              Plaintiff,             .
 4                                   . Case No. 09-cv-01303
     vs.                             .
 5                                   . Newark, New Jersey
     HULL, et al.,                   . January 4, 2013
 6                                   .
              Defendants.            .
 7
                         TRANSCRIPT OF HEARING
 8                       Settlement Conference
            BEFORE THE HONORABLE MADELINE COX ARLEO
 9                 UNITED STATES MAGISTRATE JUDGE

10   APPEARANCES:

11   For the Plaintiff:      MICHAEL E. CAMPION, ESQ.
                             Office of the US Attorney
12                           970 Broad Street, Suite 700
                             Newark, NJ 07102
13                           (973) 645-2700
                             Email: Michael.campion@usdoj.gov
14
     For the Defendants:     WILLIAM J. WARD, ESQ.
15                           Carlin & Ward, P.C.
                             25A Vreeland Road
16                           P.O. Box 751
                             Florham Park, NJ 07932
17                           (973) 377-3350
                             Email: William.ward@carlinward.com
18
                             STEVEN JAMES LECHNER, ESQ.
19                           2596 South Lewis Way
                             Lakewood, CO 80227
20                           (303) 292-2021

21   Audio Operator:

22   Transcription Service:  KING TRANSCRIPTION SERVICES
                             901 Route 23 South, Center Ste. 3
23                           Pompton Plains, NJ 07444
                             (973) 237-6080
24
     Proceedings recorded by electronic sound recording; transcript
25   produced by transcription service.
```

```
 1              (Commencement of proceedings at 1:33 P.M.)
 2
 3              THE COURT:  Okay.  Good afternoon, everyone.
 4   Everyone else in the back of the courtroom can be seated.
 5              We're here in the matter of United States of
 6   America versus Hull.  Could I have appearances, please, of
 7   counsel.
 8              MR. CAMPION:  Michael Campion and Jordan Agger
 9   [phonetic] for the United States.
10              THE COURT:  Okay.
11              MR. LECHNER:  Steve Lechner and Bill Ward for the
12   Hulls.
13              THE COURT:  Okay.  And I understand the Hulls are
14   in the courtroom.  Why don't they come up and they can sit at
15   counsel table next to their lawyers.  Okay.  And why don't
16   the members of whole family state their name for the record.
17              MS. MICHELE HULL:  Michele Hull.
18              THE COURT:  Okay.
19              MS. BONNIE HULL:  Bonnie Hull.
20              MR. AARON HULL:  Aaron Hull.
21              MR. MATTHEW HULL:  And Matthew Hull.
22              THE COURT:  Thank you for coming.  I appreciate
23   your willingness to participate in this conference today.
24              Okay.  So I was pleased to receive the report that
25   the parties have settled this matter, and I'd like to state
```

```
 1   the terms of the settlement for the record.  I know there's
 2   been some dispute all morning about the precise language and
 3   the precise terms.  Suffice it to say that there's an
 4   agreement that the terms that we talk about today on the
 5   record will be incorporated into a document called a consent
 6   decree, which will be signed by the parties and by Judge
 7   Wigenton, the District Court Judge in this case.  And
 8   attached thereto will be a new survey, attached, that will
 9   reflect the terms that we've discussed today and the property
10   that we're discussing today.  And that there's -- I would --
11   I understand that that survey will be prepared by the
12   government and that we discussed that certainly the
13   defendants, the members of Hull family, can review and agree
14   to the survey before it's attached and filed.  And if there's
15   a dispute over the survey -- I know there was some dispute
16   with earlier surveys -- you can certainly come back to me and
17   we'll do our best to resolve that issue.
18            So normally I would ask one of the -- either of the
19   sides to put the terms on the record.  But I think in the
20   interests of brevity, it makes sense for me to do so, and I'm
21   going to list the terms as they've been explained to me by
22   the parties in as simple language as possible, and then I'll
23   ask either -- both sides have the opportunity to comment and
24   make sure that we have full and fair agreement on all the
25   material terms.  And then I'm going to ask the Hulls at the
```

1  end if they -- if they understand the terms and they -- that
2  they have agreed to those terms, as we've discussed earlier.
3  Okay?
4           So here are the terms as I understand them.  First,
5  there'll be no payment of damages to either side and that
6  each side will bear its own attorney's fees and costs.  This
7  will be a full and final settlement of all claims.  And there
8  will be -- there will be no appeal of the Opinion and Order
9  of Judge Wigenton.  The parties agree that the government
10 will own in fee simple the 24 feet of property at issue and
11 that the Hulls will have an easement over that property.
12 There is currently a well on the property, and the parties
13 agree that they will move the center line to accommodate the
14 encroachment of the well.  The government has agreed to
15 vacate the injunction as part of this consent decree.  The
16 road will be maintained by the government consistent with
17 federal law.  I talked earlier about the fact that it will
18 be -- this agreement will be embodied in a consent decree
19 with a new survey attached.  There was an issue raised about
20 the right to run power lines.  With respect to that, the
21 parties agree that the gov- -- with respect to any
22 applications to run power lines, the government will apply
23 the same standards as they do to any other request to such
24 requests in the Delaware River Water Gap Recreation Area.
25           Are there any other terms or any clarifications the

1   government would like to state for the record?

2           MR. CAMPION:  No, Your Honor.

3           THE COURT:  Okay.  Counsel?

4           MR. LECHNER:  Your Honor, I just want to make sure
5   that the easement that the Hulls receive is fully
6   transferable and runs with the land.

7           THE COURT:  That -- is that?

8           MR. CAMPION:  That was our understanding,
9   Your Honor.

10          THE COURT:  Okay.  Fully transferable and runs with
11  the land.  Anything else?

12          MALE SPEAKER:  No, Your Honor.

13          THE COURT:  Okay.  May I ask the Hulls and ask if
14  you could each answer the same question.

15          Did you -- did have an opportunity to listen to the
16  terms that I recited, and are those terms that you have
17  agreed to to settle these claims?

18          Counsel -- Ms. Hull?

19          MS. MICHELE HULL:  Yes.

20          THE COURT:  Ms. Hull?

21          MS. BONNIE HULL:  Yes.

22          THE COURT:  Mr. Hull?

23          MR. AARON HULL:  Yes.

24          THE COURT:  Mr. Hull?

25          MR. MATTHEW HULL:  Yes.

```
 1              THE COURT:  Okay.  Are you -- have you had
 2   enough -- I'm going to ask you a couple of additional
 3   questions.  Have you had enough time to consider this
 4   agreement?  And are you -- do you feel you're able to fully
 5   and fairly come to this settlement today?
 6              Ms. Hull?
 7              MS. MICHELE HULL:  Yes.
 8              THE COURT:  Ms. Hull?
 9              MS. BONNIE HULL:  Yes.
10              THE COURT:  Mr. Hull?
11              MR. AARON HULL:  Yes.
12              THE COURT:  Mr. Hull?
13              MR. MATTHEW HULL:  Yes.
14              THE COURT:  And finally, are you satisfied with the
15   representation you've received by your lawyers today?
16              Ms. Hull?
17              MS. MICHELE HULL:  Yes.
18              THE COURT:  Ms. Hull?
19              MS. BONNIE HULL:  Yes.
20              THE COURT:  Mr. Hull?
21              MR. AARON HULL:  Yes.
22              THE COURT:  Mr. Hull?
23              MR. MATTHEW HULL:  Yes.
24              THE COURT:  Okay.  Anything further?
25              MR. CAMPION:  Not from the government, Your Honor.
```

1    THE COURT: Okay. I'm going to ask if you can try
2 to put that consent decree together within 30 days and
3 circulate and get an agreement on language.
4    And does the government have a sense of when they
5 can get that survey done and over to Mr. Lechner and Mr. Ward
6 to review with their clients?
7    MR. CAMPION: I would need to discuss that with my
8 client, Your Honor. I don't have precise dates.
9    THE COURT: Okay. If you could within the next 30
10 days just let them know when they can expect it. So if you
11 don't hear from them within 30 days, let me know and we'll
12 try to move that along. I don't want that to be out there,
13 because we can't settle -- fully settle the case until we
14 have that survey done.
15   MR. CAMPION: Yes, Your Honor.
16   THE COURT: Okay. Thank you for your cooperation.
17 Thank you for coming today. Mr. Lechner, safe trip back to
18 Colorado. And everyone have a nice weekend. Okay?
19   UNIDENTIFIED SPEAKERS: Thank you.
20   FEMALE SPEAKER: All rise.
21        (Conclusion of proceedings at 1:39 P.M.)

1           Certification

2       I, SARA L. KERN, Transcriptionist, do hereby certify

3  that the 8 pages contained herein constitute a full, true,

4  and accurate transcript from the official electronic

5  recording of the proceedings had in the above-entitled

6  matter; that research was performed on the spelling of proper

7  names and utilizing the information provided, but that in

8  many cases the spellings were educated guesses; that the

9  transcript was prepared by me or under my direction and was

10 done to the best of my skill and ability.

11      I further certify that I am in no way related to any of

12 the parties hereto nor am I in any way interested in the

13 outcome hereof.

14

15

16

17

18  s/ *Sara L. Kern*                                    February 11, 2013

19  Signature of Approved Transcriber                    Date

20

21

22  Sara L. Kern, CET**D-338
    King Transcription Services
    901 Route 23 South, Center Suite 3
23  Pompton Plains, NJ 07444
    (973) 237-6080
24

25

# ATTACHMENT B

